FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
11/17/2021 3:28 PM
KATHLEEN VIGIL CLERK OF THE COURT
Edith Suarez-Munoz

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

DENNIS MURPHY, As Wrongful Death Personal
Representative of the Estate of LUCINDA PHILLIPS,
deceased,

        Plaintiff,                        Case No: D-101-CV-2021-01983

vs.

MANWINDER SINGH, GOOGLE TRANS, and
DEEP FREIGHTLINE, INC.

        Defendants.

## COMPLAINT FOR WRONGFUL DEATH AND PUNITIVE DAMAGES

COMES NOW, Plaintiff Dennis Murphy As Wrongful Death Personal Represent of the Estate of LUCINDA PHILLIPS, deceased, by and through his attorneys of record, Parnall Law Firm, LLC (Gregory D. Abel), states the following as his Complaint for Wrongful Death and Punitive Damages:

### I.    PARTIES

1. Plaintiff, Dennis Murphy, Wrongful Death Personal Representative of the Estate of LUCINDA PHILLIPS, is a resident of Santa Fe, New Mexico.

2. Decedent, died on or about August 25, 2021, from fatal injuries she sustained in the collision that occurred in Torrance County, New Mexico

3. Upon information and belief Defendant Manwinder Singh (hereinafter "Defendant Singh") is a resident of Fresno County, California and was working within the course and scope of his employment with Google Trans. Defendant Singh can be served with process at his residence of 3560 W. San Jose Ave., Apt. 214, Fresno, CA 93711.

4. At all time material hereto Defendant Google Trans (hereinafter "Defendant Google") is a corporation, duly organized and existing pursuant to law and registered to transact



business in the State of New Mexico. Defendant Google may be served with citation by serving its registered agent for service, Nirmaljeet Singh at 3478 W. Franklin Ave., Fresno, CA 93706.

5. At all time material hereto Defendant Deep Freightline, Inc. (hereinafter "Freightline") is a corporation, duly organized and existing pursuant to law and registered to transact business in the State of New Mexico. Defendant Google may be served with citation by serving its registered agent for service, Manwinder Singh 3560 W. San Jose Ave., Apt. 214, Fresno, CA 93711.

## II.   JURISDICTION, VENUE AND JOINDER

6. Jurisdiction over the parties and the subject matter herein is proper with this Court pursuant to Article VI of the New Mexico Constitution and the New Mexico long-arm statute, NMSA 1978, § 38-1-16.

7. Venue is proper in Santa Fe County, New Mexico this Court pursuant to NMSA 1978, § 38-3-1(A) and (F) because Plaintiff resides in Santa Fe County.

8. Joinder of Plaintiff's claims against Defendants in this action is proper under NMRA 1-020 because Plaintiff's claims: (1) arise out of the same transaction, occurrence, or series of transactions or occurrences; and (2) questions of law and fact common to all Defendants will arise in this action.

9. The events described in this Complaint occurred in Torrance County, New Mexico.

10. Jurisdiction and venue are proper in this Court.

## III.   Statement of Facts

11. On or about August 25, 2021, Lucinda Phillips was operating her motorcycle on southbound Highway 41, in Torrance County, New Mexico.

12. On or about August 25, 2021, Defendant Singh was operating a semi-truck owned by Defendant Google Trans.

13. On August 25, 2021, Defendant Singh was operating a semi-truck that was connected to a trailer owned by Defendant Freightline.

14. Defendant Singh was westbound on Interstate 40, exiting Off Ramp 196 when he failed to stop at a stop sign, failed to yield the right of way, and crashed into Lucinda Phillips motorcycle, killing her.

## IV.   CLAIMS FOR RELIEF

### COUNT 1 & 2 –
### Negligence and Negligence Per Se Against Defendant Singh

15. Plaintiff realleges and incorporates by reference all previous paragraphs stated herein.

16. On August 25, 2021, Defendant Singh was operating a semi-truck owned and operated by Defendant Google.

17. On August 25, 2021, Defendant Singh was operating a semi-truck that was connected to a trailer owned by Defendant Freightline.

18. Defendant Singh had a duty to drive in a reasonable and safe manner and follow traffic rules in order to prevent foreseeable harm to others, including Lucinda Phillips.

19. Defendant Singh's duty of care increases with the severity of danger. Thus, Defendant Singh's duties were especially high given the type of vehicle driven and the high standard of care required of interstate motor carriers.

20. Defendant Singh failed to drive in a reasonable and safe manner and failed to follow traffic rules.

21. The subject crash was the direct and proximate result of Defendant Singh's:

    a. Failure to give his full time and attention to the operation of his vehicle;

    b. Failure to operate his vehicle in a reasonable and safe fashion;

      c.      Failure to keep a proper lookout;

      d.      Failed to yield the right of way;

      e.      Failed to stop at a stop sign;

      f.      Otherwise acting without the reasonable care required of him under the circumstances.

      g.      Careless Driving;

      h.      Driving while distracted;

      i.      Driving recklessly.

      j.      Any additional actions revealed as discovery in this case progresses.

22.    Defendant Singh knew or should have known that such conduct posed a risk of harm to others, including Lucinda Phillips.

23.    Defendant Singh's negligence was a cause of the resulting collision, injuries and subsequent death complained herein.

24.    As a result, Defendant Singh breached the duties he owed to Lucinda Phillips.

25.    Additionally, as Defendant Singh was operating a commercial vehicle within New Mexico, Defendant Singh was subject to federal and state statutes regarding the operation of commercial vehicles. Defendant Singh's acts and/or omissions and wrongful conduct described above were in violation of certain federal and state statutes and regulations, including but not limited to:

      a.      NM Stat § 66-7-104 (a)(b);

      b.      NMSA § 66-7-301

      c.      NMSA § 66-7-328;

      d.      NMSA § 66-7-332.1;

      e.      NMSA § 66-8-113;

  f.  NMSA § 66-8-114; and

  g.  NMSA § 65-3-7;

26. The statutes and regulations identified above expressly and implicitly prescribe a standard of conduct for Defendant Singh. Lucinda Phillips, using a public roadway, was among the class of persons sought to be protected by the statutes and regulations identified above. The harms and injuries suffered by Lucinda Phillips are of the type the legislature, through the statutes identified above, sought to prevent. As such, Lucinda Phillips is entitled to a presumption of negligence per se by Defendant Singh's acts and/or omissions and wrongful conduct in violation of such statutes.

27. The negligent conduct outlined above, including the violations of the above identified statutes either singularly or in combination, was a cause of Plaintiff's death.

28. Defendant Singh's acts and/or omissions described herein were malicious, willful, reckless, grossly negligent and/or wanton as those terms are defined in New Mexico law. He was consciously indifferent to the life and well-being of the New Mexico public. Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant Singh.

<b><u>COUNT 3 & 4:</u></b><br><b><u>Negligence and Negligence Per Se Against Defendant Google</u></b>

29. Plaintiff realleges and incorporates by reference all previous paragraphs stated herein.

30. On August 25, 2021, Defendant Singh was acting as an agent or employee of Defendant Google and was within the course and scope of his employment. Defendant Google is vicariously liable for the acts or omissions of its employees, agents, apparent agents, representatives, and/or designees under the doctrine of respondeat superior.

31. Defendant Google had a duty to make sure that drivers of its semi-truck drive in a reasonable and safe manner and follow traffic rules in order to prevent foreseeable harm to others, including Plaintiff.

32. Defendant Google's duty of care increases with the severity of danger. Thus, Defendant Google's duties were especially high given the type of vehicles driven and the high standard of care required of interstate motor carriers.

33. Defendant Google failed to make sure that its driver, Defendant Singh, drove in a reasonable and safe manner and followed traffic rules.

34. The subject crash was the direct and proximate result of Defendant Google's:

   a. Failure to properly train Defendant Singh;

   b. Failure to properly monitor Defendant Singh;

   c. Failure to properly supervise Defendant Singh;

   d. Negligently hiring Defendant Singh;

   e. Negligently entrusting the semi-truck and trailer to Defendant Singh;

   f. Otherwise acting without the reasonable care required of it under the circumstances

35. Defendant Google knew or should have known that such conduct posed a risk of harm to others, including Lucinda Phillips.

36. As a result, Defendant Google breached the duties it owed to Plaintiff.

37. Additionally, as Defendant Google was engaged in the business of owning and operating commercial vehicles driven within New Mexico, Defendant Google was subject to federal and state statutes regarding the ownership and operation of commercial vehicles. Defendant

Google's acts and/or omissions and wrongful conduct described above was in violation of the following statutes and regulations, including but not limited to:

 a. NMSA § 65-3-1 *et seq.*; and

 b. NMSA § 66-7-1 *et seq.*

38. The statutes and regulations identified above expressly and implicitly prescribe a standard of conduct for Defendant Google. Lucinda Phillips, using a public roadway, was among the class of persons sought to be protected by the statutes and regulations identified above. The harms and injuries suffered by Lucinda Phillips are of the type the legislature, through the statutes identified above, sought to prevent. As such, Lucinda Phillips is entitled to a presumption of negligence per se by Defendant Google's acts and/or omissions and wrongful conduct in violation of such statutes.

39. The negligent conduct as outlined above, including the violations of the above identified statutes, either singularly or in combination, were a cause of Plaintiff's injuries and damages.

### COUNT 5 & 6:
### Negligence and Negligence Per Se Against Defendant Freightline

40. Plaintiff realleges and incorporates by reference all previous paragraphs stated herein.

41. On August 25, 2021, Defendant Singh was acting as an agent or employee of Defendant Freightline and was within the course and scope of his employment. Defendant Freightline is vicariously liable for the acts or omissions of its employees, agents, apparent agents, representatives, and/or designees under the doctrine of respondeat superior.

42. Defendant Freightline had a duty to make sure that drivers of its trailer, a motor vehicle, drive in a reasonable and safe manner and follow traffic rules in order to prevent foreseeable harm to others, including Plaintiff.

43. Defendant Freightline's duty of care increases with the severity of danger. Thus, Defendant Freightline's duties were especially high given the type of vehicles driven and the high standard of care required of interstate motor carriers.

44. Defendant Freightline failed to make sure that its driver, Defendant Singh, drove in a reasonable and safe manner and followed traffic rules.

45. The subject crash was the direct and proximate result of Defendant Freightline's:

  a. Failure to properly train Defendant Singh;

  b. Failure to properly monitor Defendant Singh;

  c. Failure to properly supervise Defendant Singh;

  d. Negligently hiring Defendant Singh;

  e. Negligently entrusting the semi-truck and trailer to Defendant Singh;

  f. Otherwise acting without the reasonable care required of it under the circumstances

46. Defendant Freightline knew or should have known that such conduct posed a risk of harm to others, including Lucinda Phillips.

47. As a result, Defendant Freightline breached the duties it owed to Plaintiff.

48. Additionally, as Defendant Freightline was engaged in the business of owning and operating commercial vehicles driven within New Mexico, Defendant Freightline was subject to federal and state statutes regarding the ownership and operation of commercial vehicles. Defendant

Freightline's acts and/or omissions and wrongful conduct described above was in violation of the following statutes and regulations, including but not limited to:

    a.    NMSA § 65-3-1 *et seq.*; and

    b.    NMSA § 66-7-1 *et seq.*

49. The statutes and regulations identified above expressly and implicitly prescribe a standard of conduct for Defendant Freightline. Lucinda Phillips, using a public roadway, was among the class of persons sought to be protected by the statutes and regulations identified above. The harms and injuries suffered by Lucinda Phillips are of the type the legislature, through the statutes identified above, sought to prevent. As such, Lucinda Phillips is entitled to a presumption of negligence per se by Defendant Freightline's acts and/or omissions and wrongful conduct in violation of such statutes.

50. The negligent conduct as outlined above, including the violations of the above identified statutes, either singularly or in combination, were a cause of Plaintiff's injuries and damages.

**COUNT 7:**
**Negligent Hiring, Training, Supervision, and Retention**
**Against Defendant Google**

51. Plaintiff realleges and incorporates by reference all previous paragraphs stated herein.

52. Defendant Google had a duty to hire, train, supervise, and retain competent employees.

53. Defendant Google knew or should have known that, without limitation:

    a.    Defendant Singh required more training than he was provided to ensure that he safely operated Defendant Google semi-truck; and

    b.    Defendant Singh required a higher level of supervision to ensure that he safely operated Defendants Google semi-truck;

54.    Defendant Google breached its duty to hire, train, supervise, and retain competent employees.

55.    The negligent conduct outlined above, either singularly or in combination, was a cause of Plaintiff's injuries and damages.

### COUNT 8:
### Negligent Hiring, Training, Supervision, and Retention Against Defendant Freightline

56.    Plaintiff realleges and incorporates by reference all previous paragraphs stated herein.

57.    Defendant Freightline had a duty to hire, train, supervise, and retain competent employees.

58.    Defendant Freightline knew or should have known that, without limitation:

    a.    Defendant Singh required more training than he was provided to ensure that he safely operated Defendant Freightline's trailer; and

    b.    Defendant Singh required a higher level of supervision to ensure that he safely operated Defendant Freightline's trailer;

59.    Defendant Freightline breached its duty to hire, train, supervise, and retain competent employees.

60.    The negligent conduct outlined above, either singularly or in combination, was a cause of Plaintiff's injuries and damages.

### COUNT 9:
### *Respondeat Superior*/Vicarious Liability (Google)

61. The preceding allegations are realleged and incorporated herein.

62. At all material times, Defendant Singh was an employee or agent of Defendant Google, acting within the course and scope of his employment or agency at the time of the occurrence giving rise to this action.

63. Defendant Google are vicariously liable for Defendant Singh's wrongful acts and omissions under the doctrine of *Respondeat Superior*.

### COUNT 10:
### *Respondeat Superior*/Vicarious Liability (Freightline)

64. The preceding allegations are realleged and incorporated herein.

65. At all material times, Defendant Singh was an employee or agent of Defendant Freightline, acting within the course and scope of his employment or agency at the time of the occurrence giving rise to this action.

66. Defendant Freightline are vicariously liable for Defendant Singh's wrongful acts and omissions under the doctrine of *Respondeat Superior*.

### V.      Damages

67. All previous paragraphs are incorporated by reference herein.

68. As a direct and proximate result of the Defendants' wrongful conduct, Lucinda Phillips suffered severe injuries which resulted in her death.

69. As a further direct and proximate result of the Defendants' wrongful conduct, Lucinda Phillips suffered the following damages:

    a. Her conscious pain and suffering;

  b.  Her loss of enjoyment of life;

  c.  Her loss of household services;

  d.  Her loss of earning and earnings capacity;

  e.  Funeral expenses and burial expense;

  f.  The mitigating or aggravating circumstances attending the wrongful act, neglect or default;

  g.  Extrinsic value of her life itself;

  h.  Punitive Damages; and

  i.  All other wrongful death damages to which Plaintiff is entitled under New Mexico law.

  **WHEREFORE**, Plaintiff requests that the Court enter Judgment against Defendants for compensatory damages in an amount to be proven at trial; for punitive damages in the maximum amount allowed by law; costs incurred in the prosecution of this action; pre- and post-judgment interest; attorney fees; and such other and additional relief as the Court may deem proper.

            Respectfully submitted,

            */s/ Gregory D. Abel*
            Gregory D. Abel
            PARNALL LAW FIRM, LLC
            P.O. Box 8009
            Albuquerque, NM 87198
            (505) 268-6500; FAX (505) 268-8708
            Attorneys for Plaintiff